# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

REX SITZMORE,                )
                                   )
         **Plaintiff,**        )
                                   )
vs.                            )        **Case No. 17−cv−0840−JPG**
                                   )
**MATT MCCONKEY,**        )
**PATRICK MEYER, and**     )
**FAYETTE COUNTY JAIL**    )
                                   )
        **Defendants.**     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Rex Sitzmore, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at the Fayette County Jail. Plaintiff requests medical care and compensation for his pain and suffering. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On March 16, 2017, Plaintiff was arrested for driving on a suspended driver's license. (Doc. 1, p. 5). McConkey and Meyer were working at the Fayette County Jail that evening, where Plaintiff was taken. *Id.* McConkey showed Plaintiff a picture board of the current occupants of the jail and asked Plaintiff if he knew anyone. *Id.* Plaintiff told McConkey and Meyer that he knew Chris Scholes and Derek Trumbold, who were both housed in B-block. *Id.* Plaintiff told the officers not to put him in B-block with Scholes and Trumbold. McConkey and Meyer assigned Plaintiff to B-block. *Id.*

Within minutes of arriving, Scholes and Trumbold began beating Plaintiff. *Id.* They broke his nose and knocked out a tooth. *Id.* Plaintiff waited a long time before Meyer and McConkey intervened to stop the fight. *Id.* Plaintiff was moved into F-block, and asked McConkey and Meyer to take him to the hospital, but they refused to do so.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1 –** McConkey and Meyer failed to protect Plaintiff in violation of his Eighth Amendment rights when they placed him in B-block in spite of Plaintiff's declaration that he had enemies there;

> **Count 2** – McConkey and Meyer were deliberately indifferent to Plaintiff's injuries in violation of the Eighth Amendment when they refused to get him medical attention after he was beaten.

Jail officials have a duty to protect pre-trial detainees[1] from violence caused by other inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability attaches only where the officer was aware that the detainee faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Thus, to prevail on this claim, Plaintiff must show first that he was at risk of harm, and that the defendants knew about this risk and disregarded it. *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

Here Plaintiff has alleged that he specifically identified 2 detainees as a threat to him to the defendants. Despite Plaintiff's unequivocal request that he could not be placed with Scholes and Trumbold, Defendants placed him in the same unit with those individuals. Plaintiff has adequately pleaded that he made McConkey and Meyer aware of a specific threat to his safety and that they failed to take any action to avoid the threat, despite the availability of other housing assignments. Plaintiff has adequately alleged that the Defendants failed to protect him.

As to **Count 2**, the Seventh Circuit has recognized four factors that will be used in determining the objective reasonableness of a jail official's response to medical needs: (1) whether the Defendant was on notice of the detainee's medical needs; (2) whether the medical

---

[1] It is unclear exactly what Plaintiff's status was at the time of the relevant incidents; but Plaintiff's claims would likely survive the higher standard applied to post-conviction prisoners, so the difference is immaterial.

need was serious; (3) the requested treatment; and (4) the interests of the jail "including administrative, penological, or investigatory concerns." *Ortiz v. City of Chicago*, 656 F.3d 523. 530 (7th Cir. 2011).

Here Plaintiff has alleged that his nose was broken and that he lost a tooth during the fight. The Defendants were on notice of the condition because they observed and broke up the fight. It is a reasonable inference from the allegations that the failure to act would prolong the pain of Plaintiff's injuries, and that the pain of a broken nose and a lost tooth would rise to the level of a serious medical need. However, despite his requests for medical care, McConkey and Meyer refused. Plaintiff has sufficiently alleged that he had injuries amounting to a serious medical need and that the defendants were deliberately indifferent to those needs despite being on notice of the condition. Therefore, **Count 2** shall proceed.

Plaintiff included Fayette County Jail in his case caption, although not in his list of defendants. Fayette County Jail is not a proper defendant and shall be dismissed with prejudice. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 3d Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D.Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646–47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police

and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal entity. ILL. CONST. art. VII, § 1. Therefore the Fayette County Jail will be dismissed with prejudice as a Defendant.

Finally, Plaintiff has requested referral to a specialist as relief. There is no injunctive relief available in this suit because Plaintiff is no longer in McConkey and Meyer's custody or control. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). This case proceed on Plaintiff's request for damages only.

### Pending Motions

Plaintiff's request for Leave to Proceed in forma pauperis will be addressed by separate order. (Doc. 2).

Plaintiff's requests for recruitment of counsel will be addressed by the United States Magistrate Judge assigned to this case. (Doc. 4) (Doc. 10).

### Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review. Fayette County Jail is **DISMISSED with prejudice** as an improper defendant.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants McConkey and Meyer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 3, 2017**

s/J. Phil Gilbert
**U.S. District Judge**